Smith *vs.* Hanie *et al.*

---

SMITH *vs.* HANIE *et al.*

1. The instructions given by the judge to the magistrate in granting the *certiorari* were unauthorized, and should not have been given.
2. Where the admission of testimony is objected to, the ground of objection should be specified.
(*a.*) No reason appears why a letter from one joint maker of a note, who claimed to be a mere surety, admitting the joint liability, was not admissible in evidence.
3. A plaintiff has a right to amend his pleadings by dropping his co-plaintiff, and showing that he was improperly joined with him.
4. Where suit was brought by S. P. Smith on a note, payable to the order of S. P. Smith & Co., and it was alleged and not put in issue by plea, that S. P. Smith alone did business under that name, the transaction was with him, the note was, in effect, payable to his order, the title was in him, and no endorsement was necessary to enable him to maintain his suit thereon.

December 21, 1884.

Practice in Supreme Court. Evidence. *Certiorari* Amendment. Partnership. Promissory Notes. Title. Before Judge FAIN. Bartow Superior Court. January Adjourned Term, 1884.

Reported in the decision.

JOHN W. AKIN, for plaintiff in error.

M. R. STANSELL, for defendants.

HALL, Justice.

This was a suit in a justice's court on a note for one hundred dollars, payable to the order of S. P. Smith & Co., and signed by the defendants, Hanie and Milner. The suit was in the names of Smith and Jones, who were alleged to be members of the firm of S. P. Smith & Co. During the process of the trial, it was ascertained that Jones was not a member of the firm, but that Smith alone transacted the business under the name of S. P. Smith & Co.; the proceeding was amended to correspond with the facts. Objection was made to this amendment, and it was insisted that the suit could not proceed in the name of Smith alone without an indorsement of the paper from S. P. Smith & Co., to whose order it was payable. A letter from Milner, one of the defendants, who claimed to be only a surety, and who insisted also, with his co-defendant, that the advances for which the note sued on purported to have been given were not made thereon, but on a collateral undertaking of Hanie to deliver cotton, to which Milner was not a party, was admitted over the objections of defendant, Hanie. Certain interrogatories, which the plaintiff claimed had lain in the justice's office more than five days after notice of their filing was given, and which were sent out with a commission, without having attached to them the cross-interrogatories filed by defendant, were also admitted in evidence over defendants' objection. The note attached to defendants' summons was payable "—— after date," which was 22d March, 1879. On it was this entry: "Bal. due Nov. 1, 1879, $86.90."

The jury, to whom the case had been appealed, found for the plaintiff, and judgment was rendered on this finding for the plaintiff. A petition for *certiorari* was sued out by defendants, and the writ was ordered to issue. On the return of the magistrate, the *certiorari* was sustained, and a new trial ordered upon the following grounds:

(1.) Because there was error in admitting in evidence the letter from Milner.

(2.) Because, the suit having been commenced in the name of a partnership, it was error to convert it by amendment into a suit in the name of an individual.

(3 ) Because the note, being negotiable by endorsement, and there being no endorsement on it, suit could be maintained in the name of the payees alone for the use of the plaintiff.

This judgment was accompanied by instructions to the justice's court:

First: That inasmuch as no time of payment was specified in the note, it could only bear interest from the commencement of the suit, or from the date when payment was demanded.

Second: That interrogatories filed in the magistrate's office, and served on the opposite party, could not be read, unless they had remained in office five days before the commission issued.

This latter instruction was unauthorized. By the magistrate's return to the *certiorari*, it was shown that the interrogatories remained in his office for the full length of time required by law (five days), after service of notice, before the commission was issued, and that defendant presented no cross-interrogatories until after the expiration of that time. We think the first of these directions should not have been given. The verdict was excessive, being for a larger sum than that set out in the pleadings, but it was reduced to correspond with the demand thereby made, and the rate of interest specified in the note sued was calculated and carried into the judgment from the time when the suit was commenced. This was done before the judgment was rendered upon *certiorari*, and, had it not been done voluntarily, we would now order it. We are of opinion that there is nothing in either one of the three grounds on which the *certiorari* was sustained.

1. What the objection was to the admission of the defendant's, Milner's, letter is not specified, and we are unable to conjecture; he was a joint-maker of the note with the

other defendant; he admitted, by this letter, their joint liability for the debt, and threw the blame of the failure to pay it upon Hanie. It is evident from the testimony that credit would not have been extended to Hanie but for Milner's undertaking for him. Whether he was Hanie's surety or not is immaterial, so far as concerns his liability to the plaintiff, who, as it seems, has done nothing to release him from his obligation.

2. The plaintiff had a right to amend his pleadings by dropping his co-plaintiff, and by showing that he was improperly joined with him. Code, §3486.

3. The fact that S. P. Smith alone composed the firm of S. P. Smith & Co. was not put in issue by any plea of non-joinder, and was thus admitted.

The transaction was with this party, and the note, read by the light of the circumstances, was payable to his order; the title thereto was in him, and no endorsement of the paper was necessary to enable him to maintain the suit

Judgment reversed.